OCEAN CREST HOTEL, INC., Plaintiff, *v.* FREDERICK V. FELL, as President of the Council of the City of Long Beach, et al., Defendants.

Supreme Court, Special Term, Nassau County, June 26, 1950.

*Milton Popper* and *Leon Leighton* for plaintiff.

*Bernard M. Bailey, Corporation Counsel of the City of Long Beach* (*Irving J. Schultz* of counsel), for defendants.

*John P. McGrath, Corporation Counsel of the City of New York* (*Stanley Buchsbaum* of counsel), *amicus curiæ*.

C. A. JOHNSON, J. In this action, the plaintiff, Ocean Crest Hotel, Inc., seeks judgment declaring that certain taxes imposed by Local Law, 1950, No. 2 of the City of Long Beach do not apply to customers of the plaintiff and asks an injunction against their collection.

By a series of enabling acts (L. 1947, ch. 278; L. 1948, ch. 651; L. 1949, ch. 806; L. 1950, ch. 589) certain counties and cities are authorized to impose certain special taxes. Subdivision (i) of section 1 as amended by section 2 of the last-mentioned chapter (L. 1950, ch. 589) reads as follows: "(i) Taxes on occupancy of a room or rooms in hotels, apartment hotels or lodging houses whether by a lessee, tenant, guest or licensee at a rate not to exceed five per cent of the rent, except that no tax shall be imposed either when the rent is less than at the rate of two dollars per day or on the occupancy of any such room or rooms by a person having the right to occupancy thereof for at least ninety consecutive days *or, where the local law, ordinance or resolution imposing the tax shall so provide, for at least six consecutive months.*" (Italics supplied.)

Subdivision (b) of section 1 as amended by chapter 651 of the Laws of 1948 reads as follows: "(b) Taxes not in excess of three percent of the receipts from every sale of food or drink of any nature in restaurants, cafes, bars and other establish-

ments, including in the amount of such receipts any cover, minimum, entertainment or other charge made to patrons where the total charge to the patron is one dollar or more; ''.

In purported exercise of the authority thus conferred, the City of Long Beach has enacted its Local Law, 1950, No. 2 which imposes the taxes here under attack, and which, so far as material to this opinion, reads as follows:

'' Sec. 2. IMPOSITION OF TAX. During the period commencing on the date that this Local Law becomes operative and as long as the same shall be in force there shall be paid a tax on the following:

'' a. 3% of the receipts from every sale of food or drink of any nature in hotels, apartment hotels, boarding houses, restaurants, cafes, bars, and other establishments, including in the amount of such receipts any cover, minimum, entertainment or other charge made to patrons where the total charge to the patron is $1.50 or more.

'' b. A tax on the occupancy of a room or rooms in hotels, apartment hotels or lodging houses, whether by a lessee, tenant, guest or licensee, at a rate not to exceed 5% of the rent except that no tax shall be imposed either when the rent is less than at the rate of $2.00 per day or on the occupancy of any such room or rooms by a person or persons occupying the same for at least six consecutive months, provided said buildings are in operation during said period.''

With respect to the occupancy tax, plaintiff claims it is not a hotel, apartment hotel or lodging house, but a boarding house and urges that the occupancy tax does not and cannot be made to apply to the transactions which make up the bulk of its business. As to the tax on sales of food and drink, it is claimed that the local law attempts an unwarranted extension beyond sales in '' restaurants, cafes, bars and other establishments '' as authorized by the Legislature, on the theory that the words '' and other establishments '' can only apply to business places of the type of those specifically enumerated.

The State legislation does not define hotel, apartment hotel or boarding house. The local law purports to do so. All counsel have indulged in exhaustive and illuminating research into the legal distinctions between these terms. An examination of the several legislative enactments, however, seems to obviate the necessity for placing a decision upon any definition. The taxes in question are levied upon the occupancy of rooms at a rate of not to exceed 5% of the rent, and upon receipts from sales

of food or drink at the rate of 3%, where the total charge is $1.50 or more. It has not been urged in this litigation that the occupancy tax attempted to be imposed by the local law is invalid for indefiniteness, although a tax '' at a rate not to exceed five percent of the rent '' might seem to be open to that objection. But the two taxes described are separate and distinct. No tax is imposed upon the type of transaction of which the plaintiff's business has been proved largely to consist, namely, the furnishing of room and board consisting of three meals a day under express contracts at a fixed and certain inclusive rate for a definite, previously agreed period of time. The definitions and language of the local law furnish no guide for the assessment of such a tax, or the allocation of items as falling within the 3% or 5% rate; and the State statutes contain no authority for the imposition of a tax upon such transactions as those described.

It is also the court's opinion that plaintiff's attack upon the tax on sales of food and drink as attempted to be extended beyond the legislative authority is well founded; but that, in the court's view, need not be used as a ground for the decision of this action.

The plaintiff is entitled to judgment declaring that transactions of the type described are not subjected to any tax by Local Law, 1950, No. 2 of the City of Long Beach, and restraining their threatened assessment and collection.

Proceed on notice.